IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| THE MORTGAGE SOURCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| MARGARET PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, THE MORTGAGE SOURCE, LLC, Plaintiff herein, by and through counsel, and files its Complaint against Margaret Patterson, and shows as follows:

## PARTIES JURISDICTION AND VENUE

1.    Plaintiff brings this action under federal and state law against its former employee in order to remedy damages caused by her actions in unlawfully accessing and interfering with its computer systems.

2.    Plaintiff The Mortgage Source LLC ("Mortgage Source") is a mortgage broker with its business office located in Jasper, Pickens County, GA, within the Northern District of Georgia.

1

3.    Defendant Margaret "Maggie" Patterson ("Patterson") was formerly employed by Mortgage Source. Ms. Patterson resides at 63 Dorris Road, Jasper, Pickens County, GA 30143. Defendant is subject to the jurisdiction of this Court.

4.    A substantial part of the events upon which Plaintiff's claims are based occurred within the Northern District of Georgia.

5.    Jurisdiction and venue are proper in this Court under 28 U.S.C. 1331 and 28 U.S.C. 1391(b)(1) and (2).

## STATEMENT OF FACTS

6.    Mortgage Source hired Patterson on or about May 23, 2017 to begin training, first as a junior processor, then as loan officer assistant. Even though Patterson had no qualifications or experience in the industry, Mortgage Source paid fees and costs for training materials so that Patterson could become licensed as a loan processor.

7.    On December 15, 2017, on the Mortgage Source computer network, Patterson accessed an email routinely sent to Mortgage Source referral partners, changed contact information within the email without authorization, and transmitted the communication to numerous Mortgage Source referral partners, and possibly customers.

8.     On December 16 and December 17, 2017, Patterson accessed the Mortgage Source computer network numerous times from a device outside the office.

9.     Patterson's actions in accessing the company network were without authorization, and she knew they were not authorized.

10.     Patterson's actions in accessing the company network were not intended to benefit Mortgage Source, or in furtherance of its business.

11.     On Monday, December 18, 2017, Patterson entered Mortgage Source's office and again accessed the company network for personal reasons and without authorization.

12.     On December 18, 2017 Patterson left a resignation letter effective December 15, 2017. Patterson removed company property from the office, as well as personal items.

13.     One item which Patterson removed at that time contained a list of company passwords. She also removed training materials which had been purchased by Mortgage Source.

14.     After tendering her resignation, Patterson continued to remotely access Mortgage Source's computer network.

15.     After Mortgage Source became aware of Patterson's unlawful and unauthorized efforts to access its computer network, several attempts were made to

seek truthful information about her actions, and to secure her voluntary return of company property, but without success.

## COUNT ONE – COMPUTER FRAUD AND ABUSE ACT

16.    The allegations set forth in paragraphs 1-15 above are incorporated by reference as though fully set forth herein.

17.    The computer and computer network accessed by Patterson were used in and affecting interstate commerce or communication.

18.    The Mortgage Source computers constituted protected computers within the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 (the "Act").

19.    Patterson accessed the computer and network both before and after her resignation.

20.    Patterson's access to the computer and network was without authorization within the meaning of the Act.

21.    Patterson's actions were in violation of 18 U.S.C. 1030(a)(5)(A), 1030(a)(5)(B) and/or 1030(a)(5)(c).

22.    Patterson's actions have caused, and continue to cause, damage, loss and expense to Plaintiff in excess of Five Thousand Dollars ($5,000.00), including attorney's fees, investigative expense, and litigation costs and expenses.

## COUNT TWO—GEORGIA COMPUTER SYSTEMS PROTECTION ACT

23.    The allegations set forth in paragraphs 1-15 above are incorporated by reference as though fully set forth herein.

24.    Patterson used computers and computer networks of Mortgage Source with knowledge that her use was without authorization.

25.    Patterson used computers and computer networks of Mortgage Source with the intention of deleting data, interfering with the use of programs and data, and/or altering or damaging the use of the computer or network, in violation of O.C.G.A. § 16-9-93(b).

26.    Patterson's actions caused damage, loss and expense to Plaintiff in an amount to be shown at trial.

## COUNT THREE—CONVERSION

27.    The allegations set forth in paragraphs 1-15 above are incorporated by reference as though fully set forth herein.

28.    Patterson removed company property from the Mortgage Source office without authorization.

29.    Patterson refused to return such property, and converted the property to her own use.

5

30.   Patterson's conversion of company property resulted in damages in an amount to be shown at trial.

## COUNT FOUR—ATTORNEYS FEES

31.   The allegations set forth in paragraphs 1-15 above are incorporated by reference as though fully set forth herein.

32.   Patterson has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

33.   Plaintiff is entitled to an award of attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully prays as follows:

1.   That summons properly issue;

2.   That the Court declare a violation, and award damages under the Computer Fraud and Abuse Act, 18 U.S.C. 1030;

3.   That the Court award damages to Plaintiff for computer trespass pursuant to Georgia law;

4.   That the Court award damages for conversion;

5.   That the Court enter an award of reasonable attorney's fees, costs and expenses; and

6.   For such further relief as the Court deems appropriate.

Respectfully submitted this _24_ day of _April_ , 2018.

_____

E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff

Roach, Caudill & Gunn, LLP
111 West Main Street
Canton, Georgia 30114
Phone:       (770) 479-1406
Facsimile:   (770) 479-6171
lgunn@rcglawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THE MORTGAGE SOURCE, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION |
| | )    FILE NO. _____ |
| MARGARET PATTERSON, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this ___24___ day of ___April___, 2018.

E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiff

ROACH, CAUDILL & GUNN, LLP
111 West Main Street
Canton, Georgia 30114
Phone:     (770) 479-1406
Facsimile:  (770) 479-6171
lgunn@rcglawyers.com